## AZOR MERRILL *vs.* WINSLOW GATCHELL.

No title is acquired by purchase on a sheriff's sale, made under a precept from a Justice of the Peace, ordering the sale, and directing the proceeds to be paid to a pound keeper, where there is no judgment or decree of forfeiture of the property sold.

The mere recital in the precept from a Justice of the Peace to the officer, wherein the sale is ordered, that a decree for the sale of the property had been obtained before the Justice as appears of record whereof execution remains to be done, is not sufficient evidence that a judgment or decree of forfeiture under the *stat.* 1834, *c.* 137, respecting the impounding of beasts, had been rendered.

The judgment or decree of forfeiture by a Justice of the Peace under that act, should show that the prior proceedings had been such, as to give him jurisdiction.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Trover for a heifer. The plaintiff proved property in himself, that the heifer was found in the possession of the defendant, that the plaintiff demanded the property, and that the defendant refused to deliver it. The defendant claims the heifer under a sale at auction by a deputy sheriff, under a decree of sale made by a Justice of the Peace for the county of *Lincoln*. To prove his title, the defendant introduced the copy of a libel, wherein it was alleged, that the heifer was impounded by one *Rogers*, "taken for doing damage in the inclosure of *Winslow Gatchell*, in said *Bowdoin*," and advertised according to law, and that no owner appeared. The copy of an order of notice by a Justice of the Peace on the libel, returnable before himself, with a return of service thereon. And the copy of an order of sale, under the hand and seal of the Justice, directed to the sheriff, &c., of the following purport. "Whereas, *James M. Rogers* of &c. on the 12th day of *November*, 1835, by the consideration of our Justice Court holden by *W. S., Esq.*, one of the Justices, &c. obtained a decree for the sale of the following beast, (describing the heifer,) with costs taxed at $2,78, as to us appears of record, whereof execution remains to be done. We command you therefore, to make sale of the same in manner prescribed by law for the sale of goods and chattels in satisfaction of executions, and after deducting your

lawful fees, you will pay over the residue to the pound keeper and take his receipt therefor. Hereof fail not, &c." On this was a copy of the proceedings of a deputy sheriff in making sale of the heifer. No other evidence was produced to show the legality of the sale. The Judge ruled that no defence was made out.

The case was submitted by *May*, for the plaintiff, on his brief, and by *E. B. Bowman*, for the defendant, without argument.

*May's* positions were : —

The verdict ought to stand, because the defendant offered no legal evidence of any decree for the sale of the heifer. The recital of that fact in a paper cannot be higher evidence than an execution would be of the rendition of a judgment. A copy of the record of the judgment, if such there was, should have been produced. 4 *Mass. R.* 402 ; 16 *Wend.* 562 ; 2 *Johns. R.* 280 ; 11 *Pick.* 28. But if the paper reciting the decree is evidence of the judgment, it does not show the necessary facts to give the Justice jurisdiction. No one of the requirements of the statute have been complied with. Not even the appraisement to show that the heifer did not exceed twenty dollars in value, without which the Justice cannot act. The record should find affirmatively, all the facts which are essential to give jurisdiction in the case; for nothing can be presumed in favor of the jurisdiction of an inferior tribunal. 4 *Mass. R.* 641 ; 2 *Fairf.* 344. There is one fact stated in the libel, which shows that the Justice had no jurisdiction in the case ; that the heifer was impounded by *Rogers* for doing damage in the inclosure of *Gatchell.* No one but the owner can impound cattle damage feasant. *Stat.* 1834, *c.* 137, § 3.

The opinion of the Court was drawn up by

SHEPLEY J. — The plaintiff is entitled to recover unless the defendant has acquired a title to the property by virtue of the sale by the officer. The animal was taken damage feasant and impounded, and afterward sold at auction ; and the defendant's title depends upon the evidence introduced to prove the legality of these proceedings.

It is provided by *stat.* 1834, *c.* 137, § 5, that the impounder shall send or deliver to the pound keeper a certificate of the purport recited in the statute ; and that if no claimant appear, the

pound keeper within ten days after the impounding, shall issue a warrant to two disinterested freeholders to appraise the damage done.

And the pound keeper, by section 7, is required on commitment of the beast to the pound, forthwith to advertise the same in the manner therein prescribed; and if the owner shall not appear, within twenty days after advertising, and claim the beasts, and pay what is lawfully demandable, the pound keeper within the succeeding twenty days is to libel the beasts in the name of the impounder. And the Court before which such libel is pending, after notice as required, has power for the causes in the act mentioned, to render a judgment or decree of sale.

In this case a copy of the libel, order and service of notice, and a copy of the precept ordering the sale, and of the officer's return upon it, make part of the case; but no copy of any judgment, or decree of forfeiture was produced; and that is the only legal authority for all the subsequent proceedings. And in the case of an inferior magistrate, it should appear in such judgment or decree, that the prior proceedings had been such as to give him jurisdiction.

There does not appear to have been a compliance with the provisions of the statute in filing the certificate with the pound keeper, or by his causing the damages to be appraised, or by advertising, as required.

*Exceptions overruled.*